IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV12-1-MU

| | |
|---|---|
| KENNY LEE BOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| J.M. PLYLER, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed January 11, 2010.

In his Complaint Plaintiff alleges that on September 17, 2008, he was walking in a residential neighborhood when Defendants Jones and Plyler approached him with guns drawn. Plaintiff further asserts that he "was unlawfully seized and had to be treated for a K-9 bit [sic]." Plaintiff alleges that he was then transported to the North Tryon Precinct where he was interrogated by Defendant Grande. Plaintiff states that during the interrogation his request for an attorney was ignored by Defendant Grande and Simmons. Plaintiff seeks $ 825, 000.00 in compensatory damages, $ 520,000.00 in punitive damages, and attorneys fees.

Even after liberally construing Plaintiff's Complaint, this Court finds that Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 that Defendants Grande and Simmons violated his Fifth Amendment rights by failing to read him his Miranda rights and by continuing to interrogate him.

First, Plaintiff does not allege that the alleged illegal interrogation resulted in a statement from him. Nor does Plaintiff assert that any such statement was used against him. Where a plaintiff does not claim that he gave a statement to the police, no Fifth Amendment violation occurs. Riley v. Dorton, 115 F.3d 1159, 1164-65 (4th Cir.1997); Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 17 (1st Cir.1995); see also Weaver v. Brenner, 40 F.3d 527, 535 (2d Cir.1994) (finding no Fifth Amendment violation when no evidence was used in a criminal proceeding); Mahoney v. Kesery, 976 F.2d 1054, 1061 (7th Cir.1992) ("Fifth Amendment does not forbid the forcible extraction of information but only the use of information so extracted as evidence in a criminal case" (citation omitted)); Davis v. City of Charleston, 827 F.2d 317, 322 (8th Cir.1987) (finding no Fifth Amendment violation where suspect's statements were not used against her during trial).

Second, "the failure to give Miranda warnings does not create liability under § 1983. Miranda warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. The remedy for a Miranda violation is the exclusion from evidence of any ensuing self-incriminating statements. The remedy is not a § 1983 action." Neighbour v. Covert, 68 F.3d 1508, 1510-11 (2d Cir.1995) (per curiam) (internal citations omitted);

Third, if Defendants had taken a statement from Plaintiff in violation of Miranda, Plaintiff's claim would necessarily imply the invalidity of his conviction, and the claim would not be cognizable in this § 1983 action because Plaintiff's conviction has not been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

A review of Plaintiff's allegation of excessive force likewise reveals that it must be dismissed. In its entirety, Plaintiff's excessive force allegation consists of his assertions that he "had

to be treated for a K-9 bit [sic]" and that he was "physically injured."[1] Plaintiff's allegation of excessive force is wholly inadequate to state a claim. While this Court is cognizant of Plaintiff's pro se status and the liberal construction that must be given to his pleadings, Plaintiff provides no particulars whatsoever with regard to his claim. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Consequently, even assuming the veracity of Plaintiff's relevant factual allegations, his vague allegations do not plausibly give rise to an entitlement to relief. See Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions" and stating that a plaintiff in a civil action must do more than make mere conclusory statements to state a claim). As such, Plaintiff's claim of excessive force is dismissed.

Finally, the Court notes that Plaintiff recites a laundry list of state law claims at the end of his Complaint. First, a mere recitation of legal claims is insufficient to state a claim. Second, even if Plaintiff had stated a state law claim, as Plaintiff's federal claims are dismissed, this Court would decline to exercise jurisdiction over the state law claims.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED;**

---

[1] Plaintiff does not specifically connect his vague allegation of physical injury to the alleged K-9 bite but for purposes of this initial review the Court will assume this allegation is connected to the excessive force claim.

2. Plaintiff's federal claims are dismissed pursuant to 29 U.S.C. § 1915A; and

3. Plaintiff's state law claims are dismissed without prejudice.

Signed: January 22, 2010

Graham C. Mullen
United States District Judge